```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IRVING COURTLEY JONES            :       CIVIL ACTION
                                 :
         v.                      :
                                 :
PHILADELPHIA COUNTY ASSISTANCE   :       NO. 12-5185
OFFICE, et al.                   :
```

**MEMORANDUM**

**DITTER, J.**                                      **SEPTEMBER 24, 2012**

Plaintiff Irving Courtley Jones brings this action pursuant to 42 U.S.C. §§ 1981 & 1983, against the Philadelphia County Assistance Office, Philadelphia Gas Works ("PGW"), and the Pennsylvania Public Utility Commission ("PUC"). He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint without prejudice to his filing an amended complaint.

**I.   FACTS**[1]

Plaintiff's claims are based on the fact that PGW either did, or indicated that it would, shut off his gas while he was in the course of obtaining public assistance to help him pay his gas bill. In December 2011, plaintiff applied with the Philadelphia County Assistance Office for benefits through the Low Income Home Energy Assistance Program ("LIHEAP").[2] Plaintiff only received

---

[1] The following facts are taken from the complaint and the exhibits attached to the complaint.

[2] LIHEAP is a federal program that offers low income households assistance in meeting their home energy needs. See U.S. Department of Health and Human Services, Low Income Home Energy Assistance Program Fact Sheet,

1

$77.00 in assistance even though he has "zero income" and had a gas bill of $188.80.

Plaintiff was initially informed that he could apply for an additional $280.00, but was later was told that he was not eligible for additional assistance through LIHEAP because he was receiving "UC."[3]  Although plaintiff was no longer receiving "UC" benefits as of October, he was unsuccessful in obtaining additional funds through LIHEAP.  Attachments to the complaint reflect that, while plaintiff was attempting to acquire additional benefits, he did not pay his $188.80 gas bill.  Accordingly, PGW sent him a ten-day shut off notice.  The notice provided plaintiff with a number to call if he sought to discuss his bill or the notice, and informed plaintiff of potential options and/or rights that he might have.

It appears that plaintiff contacted PGW and PUC to resolve the situation and to lodge a "formal complaint."  Additionally, he appealed the denial of additional LIHEAP benefits.  Plaintiff was scheduled for a hearing before the Pennsylvania Department of Public Welfare's Bureau of Hearings & Appeals on September 13, 2012.  The complaint implies, but does not directly state, that PGW shut off plaintiff's gas before that time.  Accordingly, three days before the hearing, plaintiff filed this lawsuit.

In this lawsuit, plaintiff seeks "an injunction against PGW

---

http://www.acf.hhs.gov/programs/ocs/liheap/about/factsheet.html (last accessed Sept. 21, 2012).

[3] By "UC," the Court assumes that plaintiff means unemployment compensation benefits.

to allow the plaintiff to a hearing and the proper review of his formal complaint." He explains that he is a 57-year old diabetic who needs his gas for cooking so that he can maintain his prescribed diet. He also contends that, if his gas is shut off, he could face eviction. Finally, he alleges that he "fears that a recent [job] application with the Philadelphia Police Department might be placed in jeopardy if this matter is not resolved," and "feels that he is being discriminated [against] on the basis of his race[, African American]."

## II.  STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the criteria set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Although any factual allegations must be taken as true, courts evaluating the viability of a complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." Santiago v. Warminster

Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted); see also Renfro v. Unisys Corp., 671 F.3d 314, 320 (3d Cir. 2011) ("[C]ourts evaluating the viability of a complaint . . . must look beyond conclusory statements . . . ."). Thus, although the Court must construe plaintiff's allegations liberally because he is proceeding pro se, Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), he must recite more than "labels and conclusions" to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

### III. DISCUSSION

Section 1983 provides a cause of action to a plaintiff whose constitutional or federal rights were violated by those acting under color of state law. 42 U.S.C. § 1983. Thus, "[t]o state a claim under § 1983, a plaintiff must show that the defendant[s], through conduct sanctioned under the color of state law, deprived [him] of a federal constitutional or statutory right." Gruenke v. Seip, 225 F.3d 290, 298 (3d Cir. 2000). Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 474-75 (2006) (quoting 42 U.S.C. § 1981(a)). To state a claim under § 1981, "a plaintiff must allege facts in support of the following elements: (1) that plaintiff is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities

4

enumerated in the statute, which includes the right to make and enforce contracts." Brown v. Philip Morris, Inc., 250 F.3d 789, 797 (3d Cir. 2001) (quotations and alterations omitted).

In light of plaintiff's assertion that he "feels that he is being discriminated on the basis of his race," it appears that he is attempting to assert a claim that he was discriminated against and/or denied equal protection of the law in connection with the assessment of his benefits and/or the shutting off of his gas. However, disregarding that conclusory allegation, nothing in the complaint supports such a claim. The facts of the complaint indicate that plaintiff was pursuing additional benefits beyond the amount he initially received through the LIHEAP program, that, in the meantime, he received a notice that his gas would be shut off because he did not pay his bill, and that his gas may have in fact been shut off while he was in the process of fighting for increased benefits. Those facts do not reflect that plaintiff was in any way discriminated against because of his race or that he was denied a federal or constitutional right. See Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990) (plaintiffs alleging an equal protection violation must demonstrate that they received different treatment from that received by other individuals similarly situated); see also Gross v. R.T. Reynolds, Inc., 2012 WL 2673139, at *3 (3d Cir. July 6, 2012) (per curiam) (amended complaint did not state a claim under § 1981 where "it allege[d] a series of unfortunate events and then state[d], in conclusory fashion, that the reason for those

5

events is that [defendant] harbored discriminatory animus towards [plaintiff and his colleague]"). Accordingly, the Court will dismiss the complaint for failure to state a claim.

**IV.   CONCLUSION**

For the foregoing reasons, the complaint is dismissed without prejudice.  Plaintiff will be given an opportunity to file an amended complaint in the event that he can cure the above deficiencies.[4]  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate order follows.

---

[4] The only relief that plaintiff seeks through this lawsuit is an injunction against PGW, apparently either to prevent PGW from turning off his gas or to require PGW to keep the gas on while plaintiff is in the process of seeking review of his benefits with the Commonwealth.  As he only seeks relief against PGW, it is not clear why plaintiff added the Philadelphia County Assistance Office and the Pennsylvania Public Utilities Commission as defendants.  Furthermore, once review with the Commonwealth is complete, this case will become moot.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-699 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").  Thus, if plaintiff files an amended complaint, he should inform the Court of the status of proceedings concerning his LIHEAP benefits.